LEE, TRAN & LIANG A Professional Law Corporation
  Enoch H. Liang (CA Bar No. 212324)
  Daniel Yu (CA Bar No. 245091)
601 South Figueroa Street, Suite 4025
Los Angeles, CA 90017
Tel: 213-612-3737
Fax: 213-612-3773
Email:  ehl@ltlcounsel.com; dy@ltlcounsel.com

Attorneys for Plaintiff Dai Xuchu, as bankruptcy administrator for Changzhou AMEC Eastern Tools & Equipment Co., Ltd., and for Counterdefendant Changzhou AMEC Eastern Tools & Equipment Co., Ltd.

Rodney W. Bell (SBN 125314)
(rbell@changcote.com)
Audrey L. Khoo (SBN 254007)
(akhoo@changcote.com)
CHANG & COTE, LLP
19138 E. Walnut Drive North, Suite 100
Rowland Heights, CA 91748
Telephone:  (626) 854-2112
Facsimile:  (626) 854-2120

Attorneys for Defendants/Counterclaimants
EASTERN TOOLS & EQUIPMENT, INC.,
and GUOXIANG FAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| XUCHU DAI, as the bankruptcy administrator for CHANGZHOU AMEC EASTERN TOOLS AND EQUIPMENT CO., LTD.<br>    Plaintiff,<br><br>v.<br><br>EASTERN TOOLS & EQUIPMENT, INC., a California corporation, and GUOXIANG FAN, an individual,<br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.  EDCV11-0354 VAP (DBTx)<br><br>**JOINT REPORT OF COUNSEL**<br>[Fed.R.Civ.P. 26(f) and L.R. 26-1]<br><br>Date:    June 13, 2011<br>Time:   1:30 p.m.<br>Ctrm:   Courtroom 2<br>            3470 Twelfth St.<br>            Riverside, CA<br><br>The Honorable Virginia A. Phillips |

JOINT REPORT OF COUNSEL

## I.     INTRODUCTION.

Pursuant to Fed.R.Civ.P. 26(f) and L.R. 26-1, an in-person meeting was held on May 18, 2011 and was attended by:

Enoch H. Liang, attorney for Plaintiff;

Rodney W. Bell, attorney for Defendants/Counterclaimants

During the meeting, the parties discussed various issues regarding this litigation, including their respective positions as to the appropriate timing and scope of discovery, expert disclosures, motion practice, and trial. Those positions and the parties' proposals to the Court are set forth below.

## II.    FACTUAL SUMMARY OF THE CASE.

Pursuant to the Court's Order Setting Scheduling Conference, the parties provide the following factual summary of the case:

### A.     Plaintiffs' Complaint / Defendants' Answer and Counterclaim

Plaintiff Xuchu Dai ("Plaintiff"), as the bankruptcy administrator for Counter-Defendant Changzhou AMEC Eastern Tools and Equipment Co., Ltd. ("AMEC") brings this action against Defendants to confirm and enforce a foreign arbitral award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), 9 U.S.C. Sections 201-208, and the Federal Arbitration Act ("FAA"), 9 U.S.C. Sections 1-16. An arbitral award was rendered in Plaintiff's favor by the China International Economic and Trade Arbitration Commission ("CIETAC") on December 29, 2009.

Defendants answered on April 4, 2011 and counterclaimed against Changzhou AMEC Eastern Tools and Equipment Co. Ltd. for a declaratory judgment that the subject award was not subject to confirmation under the New York Convention. Defendants also raised affirmative defenses.

### B.     Other Defendants

All defendants have appeared in the action.

### III. DISCOVERY PLAN.

The parties jointly propose the following discovery plan:

#### A. Initial Disclosures

The parties agree to make and complete their initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) by June 24, 2011.

#### B. Subjects of Discovery

The parties agree discovery will be needed on the following topics:

1. The circumstances surrounding the execution of the July 26, 2007 Agreement and the April 26, 2007 Agreement, each purportedly providing for arbitration of disputes among the Parties.
2. Whether Defendants waived objecting to the enforceability of the arbitration agreement by fully participating in the arbitration.
3. The procedural background relating to the CIETAC arbitration.

#### C. Discovery Completion Date

The parties propose that all non-expert discovery be served sufficiently early so that responses are due by and depositions are completed by October 31, 2011.

#### D. Expert Witnesses

The parties will also make any required expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule 26-1, but according to the following schedule:

- Federal Rule of Civil Procedure 26(a)(2)(A) and 26(a)(2)(B) disclosures to be made no later than 2 weeks after the close of fact discovery;
- Federal Rule of Civil Procedure 26(a)(2)(C)(ii) disclosures to be made within 45 days after the close of fact discovery; and,

• All remaining expert discovery to be completed 75 days after the close of fact discovery.

### E. <u>Disclosure or Discovery of Electronically-Stored Information</u>

The parties do not believe that electronically-stored information ("ESI") will play a significant role in discovery in this case. The parties have agreed that all documents and information are to be produced in paper format, but each party may request electronic copies of any paper documents produced.

To the extent that there is ESI, the parties will meet and confer to produce electronic documents in a mutually agreeable form. Any ESI shall not be destroyed, deleted, or otherwise discarded.

### F. <u>Handling of Privilege Claims and Confidentiality Claims</u>

The parties propose that privilege logs be produced no later than thirty (30) days after responsive documents are produced or withheld.

If necessary, the parties agree to provide a proposed stipulated protective order to the Court governing the treatment of confidential or proprietary information.

### G. <u>Changes in Limitations on Discovery / Phased Discovery</u>

The parties agree there should be no changes or limitations to the rules of discovery as set forth in the Federal Rules of Civil Procedure and Local Rules of the Central District.

The parties are of the view that it is not necessary to conduct discovery in phases or that discovery should not be limited to, or focused on, particular issues at this time.

## III. ADDITIONAL LOCAL RULE 26-1 MATTERS.

### A. Complexity of Case

The parties do not anticipate that this case will be sufficiently complex as to require the procedures of the Manual for Complex Litigation.

### B. Magistrate Judge

The parties do not consent to have a Magistrate Judge preside over all proceedings.

### C. Motion Schedule

The parties propose the following cutoff date by which all potentially dispositive motions shall be served and filed: February 6, 2012.

### D. Settlement

The parties believe settlement cannot be evaluated prior to the completion of at least some initial discovery. Pursuant to L.R. 16-15.4, the parties recommend that the Court approve Settlement Procedure No. 1.

### E. Trial Estimate

The parties estimate that a bench trial of this matter will require no more than 3 days.

### F. Additional Parties

Not applicable. All possible parties have been joined.

IV.  **OTHER MATTERS.**

    A.    <u>Pretrial Conference</u>

The parties request a pretrial conference on or around March 12, 2012.

    B.    <u>Pretrial Disclosures</u>

The parties agree pretrial disclosures and final lists of exhibits and witnesses under Fed. R. Civ. P. 26(a)(3) shall be served and filed by February 27, 2012 (Plaintiff). The parties further agree objections to trial exhibits and witnesses identified shall be served and filed by March 5, 2012.

V.  **SUMMARY OF PROPOSED DATES.**

| Event | Parties' Proposed Dates |
|---|---|
| Initial Disclosure Exchange | June 24, 2011 |
| Last to Amend Pleadings or Add Parties | July 1, 2011 |
| Fact Discovery Cut-off | October 31, 2011 |
| Expert Witness Disclosure | November 14, 2011 |
| Written Expert Report Exchange Deadline | November 14, 2011 |
| Rebuttal Expert Disclosure and Rebuttal Report Exchange Deadline | December 15, 2011 |
| Close of Expert Discovery | January 16, 2012 |
| Dispositive Motion Cut-off | February 6, 2012 |
| Final Pretrial Conference | March 12, 2012 |
| 3-day Bench Trial | March 26, 2012 |

| | | |
|---|---|---|
| 1 | Dated: May 27, 2011 | CHANG & COTÉ |
| 2 | | A Limited Liability Partnership |
| 3 | | |
| 4 | | By: /s/ Rodney W. Bell |
| 5 | | Rodney W. Bell |
| | | Audrey L. Khoo |
| 6 | | Attorneys for Defendants/ |
| 7 | | Counterclaimants EASTERN TOOLS & EQUIPMENT, INC. and |
| 8 | | GUOXIANG FAN |
| 9 | Dated: May 27, 2011 | LEE, TRAN & LIANG A Professional |
| 10 | | Law Corporation |
| 11 | | |
| 12 | | |
| 13 | | By: /s/ Enoch H. Liang |
| | | Enoch H. Liang |
| 14 | | Attorneys for Plaintiff Dai Xuchu, as bankruptcy administrator for |
| 15 | | Changzhou AMEC Eastern Tools & Equipment Co., Ltd., and for |
| 16 | | Counterdefendant Changzhou AMEC Eastern Tools & Equipment Co., Ltd. |