LEE, TRAN & LIANG APLC
  Enoch H. Liang (CA Bar No. 212324)
  Daniel Yu (CA Bar No. 245091)
601 South Figueroa Street, Suite 4025
Los Angeles, CA 90017
Tel: 213-612-3737
Fax: 213-612-3773
Email:  ehl@ltlcounsel.com; dy@ltlcounsel.com

Attorneys for Plaintiff Xuchu Dai, as bankruptcy administrator
Changzhou AMEC Eastern Tools & Equipment Co., Ltd., and for
Counterdefendant Changzhou AMEC Eastern Tools & Equipment Co., Ltd.

Rodney W. Bell (SBN 125314); rbell@changcote.com
Audrey L. Khoo (SBN 254007); akhoo@changcote.com
CHANG & COTE, LLP
19138 E. Walnut Drive North, Suite 100
Rowland Heights, CA 91748
Telephone: (626) 854-2112; Facsimile: (626) 854-2120

Attorneys for Defendants/Counterclaimants
Eastern Tools & Equipment, Inc. and Guoxiang Fan

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| XUCHU DAI, as the bankruptcy administrator for CHANGZHOU AMEC EASTERN TOOLS AND EQUIPMENT CO., LTD. <br>      Plaintiff, <br> v. <br> EASTERN TOOLS & EQUIPMENT, INC., a California corporation, and GUOXIANG FAN, an individual, <br>      Defendants. | Case No. EDCV11-0354 VAP (DTBx) <br><br> Judge:  Hon. Virginia A. Philips <br> Dept.: 2 <br><br> [~~PROPOSED~~] STIPULATION AND PROTECTIVE ORDER <br><br> [DISCOVERY MATTER] |
| EASTERN TOOLS & EQUIPMENT, INC., a California corporation, and GUOXIANG FAN, an individual, <br>      Counterclaimants, <br> v. <br> CHANGZHOU AMEC EASTERN TOOLS AND EQUIPMENT CO., LTD., <br>      Counterdefendant. | |

The parties agree that disclosure and discovery activity in the above-captioned litigation may require the disclosure of documents, things, and information (collectively, "Information") in the possession, custody, or control of the named parties in this case, Plaintiff Xuchu Dai, as the bankruptcy administrator for Changzhou AMEC Eastern Tools and Equipment Co., Ltd. and ("Plaintiff") and Defendants Eastern Tools & Equipment, Inc. and Guoxiang Fan (collectively, "Defendants"), as well as other parties who may be added to this case at a later date, and third parties, which may be protected under constitutional, statutory, or common law rights to privacy, be subject to contractual restrictions, or constitute or contain trade secrets or other confidential research development, commercial, or proprietary information.

Without waiver of objections to the discoverability of any documents, the parties intend to provide a mechanism for the discovery of relevant information, otherwise not objectionable, in a manner which protects all parties, including non-parties to this litigation, from the risk of disclosure of such confidential information.

NOW, WHEREFORE, good cause having been shown, the parties in the above-captioned litigation hereby STIPULATE and AGREE, and the Court HEREBY ORDERS AS FOLLOWS:

1. <u>Introduction and Scope</u>.

This action involves, among other things, Plaintiff's enforcement of a Chinese arbitral award against Defendants in China, and as such may require the production of information not currently in the public domain and containing trade secrets, know-how, proprietary data, commercially sensitive, or other confidential information, including without limitation, technical, sales, marketing, underwriting, employee, business, financial, individual privacy, and other proprietary information.

This Protective Order shall protect against the disclosure of such confidential and private information that is not otherwise publicly available and shall govern any designated record or information produced during discovery in this action, including

all designated motions and other papers submitted to the Court, all designated deposition testimony, all designated interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, subpoenas, or other formal method of discovery.

      2.   <u>Designation - CONFIDENTIAL</u>.

      Each party shall have the right to designate as confidential and subject to this Protective Order any thing, information, document, or portion of any document produced or prepared by it in this litigation which the producing party deems to contain trade secrets, know-how, proprietary data, commercially sensitive, or other confidential information, including without limitation, technical, sales, marketing, underwriting, employee, business, financial, individual privacy, and other proprietary information which the designating party believes, in good faith, will, if disclosed, cause harm to its competitive position or threaten the personal security of the designating party. ("Confidential Information").

      However, pursuant to Paragraph 16, the restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party, or (e) any information or material which has been made public or which is accessible by the public.   Prior knowledge must be established by pre-production documentation.

      This designation shall be made by stamping each page of a document containing Confidential Information with the legend CONFIDENTIAL, at or before production to the receiving party.   In the event a party inadvertently produces Confidential Information without such legend, that party shall promptly furnish written notice to the receiving party that the Confidential Information is designated

CONFIDENTIAL under this Protective Order along with appropriately labeled copies of the Confidential Information.   Such post-production designation of Confidential Information shall not, under any circumstance, be deemed a waiver, in whole or in part, of the right to assert confidentiality or of the protections of this Protective Order, and shall not entitle the receiving party or its attorneys to disclose such information in violation of this Protective Order.

Any Confidential Information not reduced to documentary, electronic, tangible, or physical form, or which cannot be easily stamped may be designated by providing written notice of such designation and the designation of any storage media shall extend to the contents of such storage media.   Materials provided for inspection by a party's counsel need not be designated as Confidential Information until copies of the materials are requested after inspection and selection by counsel. Making Confidential Information available for inspection shall not constitute a waiver of any claim of confidentiality, or privilege, and all materials provided for inspection by a party's counsel shall be treated as though designated as CONFIDENTIAL at the time of the inspection.

3.   <u>Designation – CONFIDENTIAL – ATTORNEYS EYES ONLY</u>.

Each party shall also have the right to designate as both confidential and attorneys eyes only ("CONFIDENTIAL – ATTORNEYS EYES ONLY") any thing, information, document, or portion of any document produced or prepared by it in this litigation which the producing party in good faith believes contains or discloses material of an extremely high degree of current commercial sensitivity that would provide a competitive advantage disclosed to any other party or third party ("the Good Faith Belief Requirement"), including but not limited to material which contains or identifies trade secrets, know-how, proprietary data, commercially sensitive, or other confidential information, including without limitation, technical, sales, marketing, underwriting, employee, business, financial, individual privacy, and other proprietary information.

However, pursuant to Paragraph 16, the restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be

designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party, or (e) any information or material which has been made public or which is accessible by the public.   Prior knowledge must be established by pre-production documentation.

This designation shall be made by stamping each page of a document containing Confidential Information with the legend CONFIDENTIAL – ATTORNEYS EYES ONLY, at or before production to the receiving party.  In the event a party inadvertently produces Confidential Information without such legend, that party shall promptly furnish written notice to the receiving party that the Confidential Information is designated CONFIDENTIAL – ATTORNEYS EYES ONLY under this Protective Order along with appropriately labeled copies of the Confidential Information.   Such post-production designation of Confidential Information shall not, under any circumstance, be deemed a waiver, in whole or in part, of the right to assert confidentiality or of the protections of this Protective Order, and shall not entitle the receiving party or its attorneys to disclose such information in violation of this Protective Order.

Any Confidential Information not reduced to documentary, electronic, tangible, or physical form, or which cannot be easily stamped may be designated by providing written notice of such designation and the designation of any storage media shall extend to the contents of such storage media.  Materials provided for inspection by a party's counsel need not be designated as Confidential Information until copies of the materials are requested after inspection and selection by counsel. Making Confidential Information available for inspection shall not constitute a waiver of any claim of confidentiality, or privilege, and all materials provided for

inspection by a party's counsel shall be treated as though designated as CONFIDENTIAL – ATTORNEYS EYES ONLY at the time of the inspection.

4.   <u>Limit on Use of Confidential Information</u>.

Each party and all persons bound by the terms of this Protective Order shall use any Confidential Information governed by this Protective Order only for the purpose of prosecution, defense, or settlement of the captioned action; no party or other person shall use any Confidential Information governed by this Protective Order for any purpose other than the prosecution, defense, or settlement of the captioned action.

5.   <u>Material Designated CONFIDENTIAL</u>.

Except as otherwise provided by written stipulation of the parties, or by further order of the Court, Confidential Information designated as CONFIDENTIAL shall only be disclosed by the receiving party on a need-to-know basis (i.e., for the purposes set forth in Paragraph 4, <u>supra</u>) and only to:

a.   Attorneys who represent the receiving party, including outside litigation and in-house counsel, and employees of such attorneys or law firms with which such attorneys are associated, but only for purposes of this proceeding;

b.   Experts (whether acting as testifying experts or non-testifying consultants) and their staff retained by the receiving party for the purpose of providing advice, an expert opinion and/or testifying at the trial at this matter, and subject to Paragraph 7, <u>infra</u>;

c.   Non-parties specifically retained to assist the attorneys of record or a party in copying or computer coding of documents, organizing, filing, translating, converting, storing or retrieving data, or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, but only for purposes of  performing such services in connection with this litigation;

d.   The Court and Court personnel as provided in Paragraphs 10 and 12, <u>infra</u>;

e.      The parties to this action, but only for purposes of this proceeding; and;

f.      Author(s), addressee(s), subject(s), and recipient(s) of the Confidential Information.

6.      Material Designated CONFIDENTIAL – ATTORNEYS EYES ONLY.

Except as otherwise provided by written stipulation of the parties, or by further order of the Court, Confidential Information designated as CONFIDENTIAL – ATTORNEYS EYES ONLY may be disclosed only to the following persons:

a.      The outside attorneys of record at (1) Chang & Cote, LLP, and (2) Lee Tran & Liang APLC;

b.      Author(s), addressee(s), subject(s), and recipient(s) of the Confidential Information;

c.      Experts (whether acting as testifying experts or non-testifying consultants) and their staff retained by the receiving party for the purpose of providing advice, an expert opinion and/or testifying at the trial at this matter, and subject to Paragraph 7, infra; and

d.      The Court as provided in Paragraphs 10 and 12, infra, but solely for the purpose of ruling on a party's motion challenging the designation of Confidential Information as CONFIDENTIAL – ATTORNEYS EYES ONLY, and only during an in camera review.

7.      Identification of Experts.

A party desiring to disclose Confidential Information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY to outside experts (whether acting as testifying experts or non-testifying consultants) under Paragraph 5 or 6, supra, ("Disclosing Party") shall first obtain from each expert a signed undertaking in the form of Exhibit A hereto.

8.      Related Documents.

Confidential Information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY shall include (a) all copies, extracts, and complete or partial summaries prepared from such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such

- 6 -

information, copies, extracts, or summaries of it; (c) portions of affidavits, briefs, memoranda, or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such information, copies, extracts, or summaries of it; (d) deposition testimony designated in accordance with Paragraph 9, infra; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with Paragraph 10, infra.

9.   Designation of Deposition Transcripts.

Deposition transcripts, or portions thereof, as well as exhibits that have not otherwise been designated pursuant to this Protective Order may be designated as subject to this Protective Order either:  (i) At the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked CONFIDENTIAL  or CONFIDENTIAL – ATTORNEYS EYES ONLY by the reporter, as the designating party may direct; or (ii) Within thirty (30) calendar days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

All deposition transcripts not previously designated shall be treated as CONFIDENTIAL – ATTORNEYS EYES ONLY for a period of thirty (30) calendar days after receipt of the transcript, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to Paragraph 6, supra, to review documents or materials designated CONFIDENTIAL – ATTORNEYS EYES ONLY on behalf of that non-designating party.

Aside from professional translators and stenographic reporters, the designating party shall have the right to exclude the following persons from a deposition before the taking of testimony which the designating party designates as subject to this Protective Order, as to testimony and exhibits designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY, all persons except the deponent and counsel for the deponent who agrees to be bound by this

Protective Order; and any person authorized to receive disclosure under Paragraph 5 or 6, supra.

10.     Nothing in this Protective Order shall limit or impair the rights of the parties to present evidence at trial, except to the extent that the Court may make further specific orders pertinent thereto.

11.     Disclosure to Author or Recipient.

Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel for a party from disclosing any document, whether designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY, to any person whom the document clearly identifies as the author or a recipient of such document and regardless of designation pursuant to this Protective Order, but only for the purposes set forth in Paragraph 4, supra.  The person viewing such documents shall not be permitted to retain copies of any of the documents, unless that person is authorized to do so under other provisions of this Protective Order.

12.     Designation of Documents Under Seal.

Any   Confidential   Information   designated   CONFIDENTIAL   or CONFIDENTIAL –ATTORNEYS EYES ONLY, if filed with the Court, shall be governed by C.D. Cal. Local Rule 79-5.  For example, if any papers to be filed with the Court contain information that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information (if such portion is segregable) under seal; and that the application shall be directed to the judge to whom the papers are directed. For motions, the parties should file a redacted version of the motion and supporting papers.

13.     Confidentiality of Party's Own Documents.

No person may disclose any Confidential Information, except as provided in this Protective Order; but nothing herein shall affect the right of a party to disclose Confidential   Information   which   it   designated   as   CONFIDENTIAL   or CONFIDENTIAL – ATTORNEYS EYES ONLY  to  its  officers,  directors,

employees, consultant, or experts, or to any non-party. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of this Protective Order.

14.    Preparation of Witness and Exhibit Designation.

Any party may mark any Confidential Information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY as an exhibit to a deposition, hearing, or other proceeding and examine any witness who is not otherwise prohibited from viewing such material thereon, provided the exhibit and related transcript pages receive the same type of confidentiality designation as the original document.

15.    Other Protections; Challenge to Confidentiality Designation.

This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing and pursuant to C.D. Cal. Local Rules 37-1 and 37-2, such additional protection with respect to the confidentiality of Confidential Information, or other discovery material as such party may consider appropriate. No party shall be precluded from: (a) claiming that any Confidential Information is not entitled to the protections of this Protective Order; (b) applying to the Court for an order permitting a disclosure or use of Confidential Information otherwise prohibited by this Protective Order; or (c) applying for an order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

If any party receiving Confidential Information objects to the classification of such Information as "Confidential" or "Confidential – Attorneys' Eyes Only" and the parties cannot resolve the objection informally, then the objecting party may move for an order, pursuant to C.D. Cal. Local Rules 37-1 and 37-2, to determine whether the Information has been properly designated. In such an event, the burden shall remain on the Producing Person to demonstrate that protection of the information is proper. Pending resolution of any such motion, all persons bound by this Protective Order shall continue to treat the Information which is the subject of

the motion according to its designation, i.e. as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES' ONLY.

16.  <u>Prior or Public Knowledge</u>.

The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party, or (e) any information or material which has been made public or which is accessible by the public.  Prior knowledge must be established by pre-production documentation.

17.  <u>Limitation of Protective Order</u>.

This Protective Order does not preclude any party from seeking further relief or protective orders from the Court as may be appropriate.

18.  <u>Non-Party Confidential Information</u>.

The terms of this Protective Order shall be applicable to CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY information obtained from a non-party, and such information produced in connection with this action shall be protected by the provisions of this Protective Order.  Provided that the non-party signs Exhibit A agreeing to be bound by the provisions of this Protective Order, such a non-party shall have: (a) the same right as a party to designate any such information under this Protective Order; and (b) standing to enforce the terms of this Protective Order with respect to disclosure and use of that non-party's designated information.

In addition, if any such non-party is under an obligation of confidentiality to a party ("Obliging Party"), the Obliging Party may designate any such information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY.  Any other party ("Requesting Party") obtaining any materials from such a non-party shall provide immediate and simultaneous access to the information to the Obliging Party.

The Obliging Party shall have ten (10) calendar days to notify the Requesting Party of the status of the materials.  In the interim, any materials obtained from such a non-party by the Receiving Party shall be treated by the Receiving Party as if designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY. The Obliging Party may request that the Receiving Party label and number such materials according to the designation and provide a copy of the labeled and numbered materials to the Obliging Party, the Receiving Party may produce its set of non-party materials to the Obliging Party and the Obliging Party will, within five (5) business days, label and number the materials according to the designation and provide a copy of the labeled and numbered materials to the Receiving Party.  Any party who receives from a non-party Confidential Information that has not been designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY may itself designate the Confidential Information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY pursuant to the provisions of this Protective Order.

19.   <u>Compulsory Service from a Non-Party</u>.

If a party in possession of Confidential Information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY is served with a valid subpoena, document request, interrogatories or other compulsory process from a non-party to this Protective Order seeking production or other disclosure of such designated information, such party ("Subpoenaed Party") shall, within five (5) business days, give prompt written notice to counsel for the party who designated the Confidential Information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY ("Designating Party") after receipt of the request identifying the designated information sought and enclosing a copy of the subpoena, request, or interrogatory.  The Subpoenaed Party shall make timely objections to the production of the designated information, including by referencing the existence of this Protective Order, and the Designating Party may intervene without opposition from the Subpoenaed Party to object to the production of the designated information.  Unless and until such objections are overruled by the Court,

or the Court otherwise orders production of the designated information, the Subpoenaed Party shall not produce or divulge the contents of the designated information. However, nothing herein shall be construed as authorizing a Subpoenaed Party to disobey a lawful subpoena issued in another action.

20. <u>Privileged Information</u>.

The inadvertent production of any privileged information shall not be deemed a waiver or impairment of any claim or privilege or protection afforded to the privileged information. Upon receiving written notice from the producing party that privileged information has been inadvertently produced, the receiving party shall immediately return all such privileged information, and all copies thereof, to the producing party. Such return shall be without prejudice to, and does not waive, any claim by the returning party that the returned document(s) are not protected by a privilege, provided, however, that nothing contained in the returned document(s) shall be used by the returning party to establish the alleged lack of privilege.

21. <u>Waiver or Termination of Protective Order</u>.

This Protective Order shall not be deemed a waiver of any party's right to seek an order compelling discovery with respect to any discovery request; any party's right to object to any discovery or the production of any information or documents; any party's right to object to the admission of any evidence on any grounds in any proceeding herein; or any party's right to use its own documents produced in this litigation with complete discretion.

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further order of this Court.

22. <u>Use of Confidential Information By Counsel</u>.

Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of

the information shall not be disclosed.

23.   <u>Modification of Protective Order</u>.

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties subject to approval of the Court.

24.   <u>Destruction of Documents</u>.

Upon final resolution of this litigation, including all appeals, all Information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY shall be destroyed by the party possessing the Information unless the Producing Person requests its return, in which case all the Information shall be returned within 30 days.

25.   <u>Paragraph Captions</u>.

The Title Captions for each paragraph of this Protective Order are for convenience only, and are not intended to affect or alter the text of the paragraphs or the substance of the Protective Order.

SO STIPULATED**.**

Dated:  November 16, 2011November 15, 2011

**CHANG & COTE, LLP**

By:  /s/
Rodney W. Bell
Attorneys for Defendants/Counterclaimants
Eastern Tools & Equipment, Inc. and
Guoxiang Fan

Dated:  November 16, 2011November 15, 2011

**LEE TRAN & LIANG APLC**

By:  /s/
Enoch Liang
Attorneys for Plaintiff Xuchu Dai, as
bankruptcy administrator
Changzhou AMEC Eastern Tools &
Equipment Co., Ltd., and for
Counterdefendant Changzhou AMEC
Eastern Tools & Equipment Co., Ltd.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ORDER

**IT IS SO ORDERED.**

Dated: November 15, 2011          By: _____

                                        Judge of the District Court

- 14 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## NON-DISCLOSURE DECLARATION

I, _____, declare under penalty of perjury, the following:

I reside at _____ in the City/County of _____

and State of _____;

I have read the annexed Stipulation and Protective Order (Order) with respect

to the plaintiff Xuchu Dai, as the bankruptcy administrator for Changzhou AMEC

Eastern Tools and Equipment Co., Ltd., and defendants Eastern Tools & Equipment,

Inc. and Guoxiang Fan dated _____, 2011, in the matter entitled

*Xuchu Dai v. Eastern Tools & Equipment, Inc.*, Case No. EDCV11-0354 VAP

(DTBx), which is pending in United States Federal District Court for the Central

District of California;

I am familiar with and agree to comply with and be bound by the provisions of

that Order and consent to the jurisdiction of the District Court for the Central District

of California; and

I will not divulge to persons other than those specifically authorized by the

Order, and will not copy or use, except solely for the purpose of this action (as

described in the Order), and information designated as "CONFIDIENTIAL" or

"CONFIDENTIAL – ATTORNEYS EYES ONLY."

I declare under penalty of perjury under the laws of the United States that the

foregoing is true and correct.


Dated: _____